**4**

Kenneth J. Jorgensen, Bar No.: 220887
Kenneth Jorgensen Law, P.C.
2440 West Shaw Avenue, Suite 114
Fresno, California 93711
Telephone: 559-431-5555
Facsimile: 559-22404960
Email: jorgensenlaw@gmail.com

Attorney for GEOFFREY RICHARDS Trustee

FILED
November 19, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003087943

# THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>JACK H. and SHARON EVANS BOLLING,<br><br>Debtors.<br><br>SSN#: XXX-XX-0443; SSN#: XXX-XX-9156<br>P.O. Box 1464<br>Fair Oaks, CA 95648 | Case No.: 09-48564-C-7<br>DC NO.: KJL-2<br>Chapter 7<br>Date: December 21, 2010<br>Time: 9:30 a.m.<br>Place: 501 I Street, 6th Fl.<br>Courtroom 35<br>Sacramento, CA 95814<br>Judge: Hon. Christopher M. Klein |

## TRUSTEE'S MOTION FOR AUTHORITY TO
## SELL AVALON CUSTODIAL CARE

Geoffrey Richards, Chapter 7 Trustee ("Trustee") of the Estate of JACK H. and SHARON EVANS BOLLING ("Debtors"), hereby respectfully requests Authority to Sell Avalon Custodial Care, as follows:

1. A Voluntary Petition was filed on December 30, 2009 as a Chapter 7 case. Trustee was duly appointed Chapter 7 Trustee of the Estate of the Debtors on December 31, 2009.

2. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), and (O). This Motion

is brought pursuant to 11 U.S.C. § 363(b), and Fed.R.Bankr.P. Rules 2002(a)(2) and 6004.

4. By this Motion, the moving party requests that the provisions of Fed.R.Bankr.P. Rule 6004(g) be waived so that the sale is not subjected to the ten day stay.

5. Among the assets of this Estate is Avalon Custodial Care ("ACC"). Trustee desires to sell ACC to Debtors for $53,666.38 cash or cash equivalent.

6. According to Schedule B of Debtors' Chapter 7 petition, Debtors valued ACC at $13,666.38. Debtors exempted $2,075.00 under C.C.P. §703.140(b)(6) and $11,591.38 under C.C.P. §703.140(b)(5) in their second amended Schedule C, filed on March 8, 2010.

7. Trustee believes the value of ACC at the time the Petition was filed was approximately $60,000.00. The value is based upon Trustee's analysis of the amount of ACC's average monthly gross earnings, or those earnings before interest, taxes, depreciation, and amortization are deducted (EBITDA). The average gross earnings were then multiplied by three times. Trustee also took into great consideration that ACC is essentially a personal services business and that an important basis in the value of ACC is the continued operation by Debtors.

8. Trustee is informed and believes ACC is a personal services operation, providing custodial services to commercial businesses.

9. Trustee and Debtors have entered into an Agreement entitled "Agreement for Sale of Estate's Interest In a Personal Services Business, Avalon Custodial Care, a Partnership." ("Agreement.") According to the Agreement, Debtors would purchase ACC from the Bankruptcy Estate for the sum of $53,666.38. A fully executed copy of the Agreement is attached to this Motion as Exhibit "A".

10. Debtors have made an initial deposit of $40,000.00. Debtors agree to contribute the total value of their claimed exemption of $13,666.38, pursuant to their second amended Schedule C, filed on March 8, 2010. Thus, the total deposit made by Debtors is $53,666.38.

11. The sale is also subject to approval by the Bankruptcy Court.

///

///

12. Finally, The sale is subject to the normal bidding process as required by the Bankruptcy Court. The following sets forth the requirements for any party desiring to submit a bid:

- Contact the Trustee by phone at 1-916-288-8365, or by mail at P.O. Box 579, Orinda, CA, 94563, to be pre-qualified. Included in such pre-qualification is the requirement that each potential bidder obtain and execute an Agreement for Sale of Estate's Interest in ACC, and make a cash or cash equivalent deposit of $53,666.38 prior to Friday, December 17, 2010, 12 p.m. Pacific Standard Time;
- The first bid shall be no less than $59,000.00. Subsequent bids shall then be no less than $1,000.00 increments. Make bids for all cash and be able to make full payment of the remaining balance in cash or cash equivalent no later than 2 days after the Bankruptcy Court's entry of an order approving the sale of the Note;
- Any party wishing to submit a bid and who has been pre-qualified shall appear in person or by telephone at the hearing. However, any party desiring to make a telephonic court appearance must first confirm that such appearance is available for this matter and shall have full responsibility to schedule the matter in accordance with applicable court procedures. For more information regarding telephonic appearances, please refer to the Bankruptcy Court's official web site at http://www.caeb.uscourts.gov/ (click Court Calendars-Procedural Information-Telephonic Court Appearance through Court Conference Center), or call Court Call at 1-866-582-6878.

13. Trustee has considered any tax implications of the sale, and has determined that there will be no adverse income tax consequences from the sale.

14. There are no contingencies to the offer other than as set forth herein.

1  15. The purchase price is fair and reasonable given the nature and use of the assets and the circumstances of this sale. The Trustee believes that a sale of the Personal Property is in the best interests of the Estate and its creditors.

16. The Trustee asserts that good business judgment supports the proposed sale.

WHEREFORE Trustee prays:

  A. That the Court issue an order authorizing the sale of ACC, to Buyer or nominee, or to the highest bidder pursuant to the procedure requested herein, on the terms and conditions described above and in the Agreement for Sale of Estate's Interest in ACC;

  B. For an order authorizing the sale of ACC, with the sale proceeds to be held with other funds of the Estate pending further order of this Court;

  C. For an order authorizing Trustee to execute any and all documents reasonably necessary to effectuate the sale of ACC;

  D. For the ten day stay provision of Fed.R.Bankr.P. Rule 6004(g) to be waived; and

  E. For such other and further relief as the Court deems just and proper.

Dated: November 18, 2010       KENNETH JORGENSEN LAW, P.C.


                 By: /s/_____
                    Kenneth J. Jorgensen
                    Attorney for Trustee

TRUSTEE'S MOTION FOR       4
AUTHORITY TO SELL. . .

KJL-2 Motion